I am compelled again to dissent because of the majority's holding with respect to both the Sullivan First Amendment rule's protection of defendants' activities and, lo, once again, that monster the so-called scintilla rule. They err with regard to both, but I shall be brief because, it seems, mine is a cry in the wilderness. The First Amendment requires a higher standard of proof before a case may be submitted to a jury on facts made actionable because of utterances, whether verbal, written, or pictorial in nature. This case arose from some of those type activities. See Sullivan; New York Times Co. v.Connor, 365 F.2d 567 (5th Cir. 1966), and their progeny which include cases extending those protections to public figures. E.g., Mobile Press Register, Inc. v. Faulkner, 372 So.2d 1282
(Ala. 1979).
Let me now devote a few words to that multifaceted gem of amorphousness and agility: scintilla. How long, oh how long are the courts to be inundated with meritless actions where juries, motivated by emotion, are submitted factual issues for decision supported only by this scintilla fellow, whoever he may be? Without further elaboration, notwithstanding Goza, I would hold the standard to be applied regarding the directed verdict by the trial court as that which we apply in reviewing motions for JNOV.